RECEIPT # _63402_
AMOUNT $ _250_
SUMMONS ISSUED _Y-2_
LOCAL RULE 4,1_
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK _m_
DATE _4-11-05_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DOUGLAS S. BROWN,                    )
                                 )
    Plaintiff,               )
                                 )
    v.                       )
                                 )
BANK OF AMERICA, N.A.,               )
                                 )
    Defendant.               )

# 05  10713 PBS

## COMPLAINT – CLASS ACTION

### INTRODUCTION

MAGISTRATE JUDGE _Alexander_

1.    Plaintiff   Douglas  S.  Brown   brings  this  action  to  secure  redress  for defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1693m (EFTA).

3.    Venue in this District is proper in that defendant does business in this District and the events complained of occurred in this District.

### PARTIES

4.    Plaintiff Douglas S. Brown is an individual who resides in Seekonk, MA. He is not a customer of defendant Bank of America, N.A.

5.    Defendant Bank of America, N.A. is a federally-chartered corporation which does business in Massachusetts. It maintains offices at 685 Washington St., South Attleboro, MA

1

02703. Its principal offices are at Bank of America Corporate Center, 100 North Tryon St., Charlotte,

North Carolina 28255.

　　　　6.　　Among other business activities in Massachusetts, Bank of America, N.A.

maintains automated teller machines ("ATMs") in at least three locations in South Attleboro,

Massachusetts and one in North Attleboro.

## FACTS

　　　　7.　　Within one year prior to the filing of this action, on or about April 6, 2005,

plaintiff Brown conducted an electronic funds transfer at an automated teller machine ("ATM")

maintained by defendant in South Attleboro, MA. A copy of the receipt he received is attached as

Exhibit A.

　　　　8.　　Any transaction carried out through an ATM is governed by EFTA. The

EFTA, 15 U.S.C. §1693a, provides:

> . . . (6) the term "electronic fund transfer" means any transfer of funds, other than a
> transaction originated by check, draft, or similar paper instrument, which is initiated
> through an electronic terminal, telephonic instrument, or computer or magnetic tape
> so as to order, instruct, or authorize a financial institution to debit or credit an
> account. Such term includes, but is not limited to, point-of-sale transfers, automated
> teller machine transactions . . . .

　　　　9.　　Plaintiff was charged a $1 fee by the ATM.

## VIOLATION ALLEGED

　　　　10.　　Defendant Bank of America, N.A. failed to notify the public, as required by

law, that they will be required to pay a fee each time they use an ATM maintained by Bank of

America unless they use a Bank of America debit or ATM card.

　　　　11.　　The EFTA, 15 U.S.C. §1693b, provides:

Regulations

(a) Prescription by Board. The Board shall prescribe regulations to carry out the purposes of this title *[15 USCS § § 1693* et seq.]. . . .

(d) Applicability to service providers other than certain financial institutions.

> (1) In general. If electronic fund transfer services are made available to consumers by a person other than a financial institution holding a consumer's account, the Board shall by regulation assure that the disclosures, protections, responsibilities, and remedies created by this title *[15 USCS § § 1693* et seq.] are made applicable to such persons and services. . . .

(3) Fee disclosures at automated teller machines.

> (A) In general. The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of --

>> (i) the fact that a fee is imposed by such operator for providing the service; and

>> (ii) the amount of any such fee.

> (B) Notice requirements.

>> (i) On the machine. The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

>> (ii) On the screen. The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on the date of the enactment of the Gramm-Leach-Bliley Act

3

[enacted Nov. 12, 1999] and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

(C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

(i) the consumer receives such notice in accordance with subparagraph (B); and

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

(D) Definitions. For purposes of this paragraph, the following definitions shall apply:

(i) Automated teller machine operator. The term "automated teller machine operator" means any person who--

(I) operates an automated teller machine at which consumers initiate electronic fund transfers; and

(II) is not the financial institution that holds the account of such consumer from which the transfer is made.

(ii) Electronic fund transfer. The term "electronic fund transfer" includes a transaction that involves a balance inquiry initiated by a consumer in the same manner as an electronic fund transfer, whether or not the consumer initiates a transfer of funds in the course of the transaction.

(iii) Host transfer services. The term "host transfer services" means any electronic fund transfer made by an automated teller machine operator in connection with a

4

transaction initiated by a consumer at an automated teller machine operated by such operator.

12.    Regulation E, 12 C.F.R. § 205.16, provides:

Disclosures at automated teller machines.

   (a) Definition. Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made.

(b) General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

      (1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

      (2) Disclose the amount of the fee.

(c) Notice requirement. An automated teller machine operator must comply with the following:

      (1) On the machine. Post the notice required by paragraph (b)(l) of this section in a prominent and conspicuous location on or at the automated teller machine; and

      (2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

(d) Temporary exemption. Through December 31, 2004, the notice requirement in paragraph (c)(2) of this section does not apply to any automated teller machine that lacks the technical capability to provide such information.

(e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

      (1) The consumer is provided the notices required under paragraph (c) of this section, and

      (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

13.    Defendant Bank of America, N.A. did not post a notice on its ATMs that

complied with 15 U.S.C. §1693b and 12 C.F.R. §205.16. The notice is inconspicuously located on the side of the machine in very small print, and does not state the amount of the fee that will be charged.

14.    The imposition of the charge without proper notice is unlawful.

15.    The EFTA, 15 U.S.C. §1693m, provides:

Civil liability

(a) Individual or class action for damages; amount of award. Except as otherwise provided by this section and section 910 *[15 USCS § 1693h]*, any person who fails to comply with any provision of this title *[15 USCS § § 1693 et seq.]* with respect to any consumer, except for an error resolved in accordance with section 908 *[15 USCS § 1693f]*, is liable to such consumer in an amount equal to the sum of--

(1) any actual damage sustained by such consumer as a result of such failure;

(2) (A) in the case of an individual action, an amount not less than $ 100 nor greater than $ 1,000; or

(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

(b) Factors determining amount of award. In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the

6

extent to which the noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.

. . . (g) Jurisdiction of courts; time for maintenance of action. Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

## CLASS ALLEGATIONS

16.     This claim is brought on behalf of a class , consisting of (a) all persons who do not have an ATM or debit card issued by Bank of America, N.A. and (b) who used an ATM maintained by Bank of America, N.A. in Massachusetts or Rhode Island that was not posted with a clear notice stating that a fee of stated amount will be imposed upon persons using it who do not have an ATM or debit card issued by Bank of America, N.A. (c) and were charged a fee (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

17.     The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

18.     There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's ATMs were posted with the notices required by law.

19.     Plaintiff's claim is typical of the claims of the class members. All are based on the same legal and factual issues.

7

20.    Plaintiff will fairly and adequately represent the members of the class. Plaintiff have retained counsel experienced in the prosecution of consumer credit claims and class actions.

21.    A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff request that the Court enter judgment in plaintiff's favor and in favor of the class for:

a.    Appropriate compensatory and statutory damages;

b.    Attorney's fees, litigation expenses and costs of suit;

c.    Such other or further relief as is appropriate.

Christopher M. Lefebyre
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

8

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Christopher M. Lefebvre

k:\general\form\cmplt.efta.bofa.wpd

9

# Exhibit A

**Bank of America**

Customer Service:    1-800-841-4000
New Accounts:    1-800-225-5353
TRANSACTIONS ARE SUBJECT TO PROOF AND VERIFICATION
TRANSACTIONS WILL BE COMPLETED SUBJECT TO SUFFICIENT BALANCES

04/06/05 15:06   ATM 91010

BANK OF AMERICA
1200 NEWPORT AVENUE
S ATTLEBORO      MA

TRAN #     CARD ENDS
2724       1599

WITHDRAWAL                  $100.00
ATM OWNER FEE                 $1.00
TOTAL                       $101.00
FROM CHECKING

CHK CURR BAL          $4300.23

CHK AVAIL BAL         $4300.23

51-32-3395B  07 - 2004
(Former 31688)
                                Member FDIC

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

DOUGLAS S. BROWN

**DEFENDANTS**

BANK OF AMERICA, N. A

**(b)** County of Residence of First Listed Plaintiff    Massachusetts
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Christopher M. Lefebvre, Two Dexter St. Pawtucket, RI 02862 (401)728-6060

Attorneys (If Known)

05   10713  PBS

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

|                              | PTF | DEF |                                                      | PTF | DEF |
|------------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State        | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State     | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                       | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN**   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):   15 U.S.C. 1693

Brief description of cause:
To secure redress for Defendant's violations of the Electronic Funds Transfer Act

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Unknown

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  4/8/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  DOUGLAS S. BROWN v. BANK OF AMERICA, N.A.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

_X_   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

___   V.    150, 152, 153.          **05  10713 PBS**

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                YES ☐     NO  **X**

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                YES ☐     NO  **X**
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                YES ☐     NO  **X**

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                YES ☐     NO  **X**

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐     NO  **X**

   A.   If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☐       Central Division ☐       Western Division ☐
   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division **X**     Central Division ☐       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)
                                                YES ☐     NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Christopher M. Lefebvre
ADDRESS  PO BOX 479, Pawtucket, RI 02862
TELEPHONE NO. (401) 728-6060

(Mass Civil Coversheet.wpd - 10/17/02)