# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DOUGLAS S. BROWN,         )     Case No. 05 10713 PBS
                                 )
            Plaintiff,      )
                                 )
      v.                     )
                                 )
BANK OF AMERICA, N.A.,   )     **NOTICE OF FILING OF PETITION**
                                 )     **PURSUANT TO 28 U.S.C. § 1407**
            Defendant.    )

PLEASE TAKE NOTICE that on June 29, 2005, the parties submitted for filing with the Judicial Panel on Multidistrict Litigation a motion for transfer and consolidation of this and two similar actions, pursuant to 28 U.S.C. §1407.  A copy of the Motion and Supporting Memorandum of Law are attached hereto as <u>Exhibit 1</u>.

Bank of America, N.A. files this Notice pursuant to Rule 5.12(c) of the Rules of the Judicial Panel for the purpose of informing the Court of the pendency of the proceedings before the MDL Panel and will keep the Court informed of further developments.

By its attorneys,

E. Macey Russell /s/               
E. Macey Russell, P.C. (BBO #542371)
Choate, Hall & Stewart
Exchange Place, 53 State Street
Boston, MA  02109
Tel.:  (617) 248-5000

Dated:  June 29, 2005

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by mail on June 29, 2005.

Christopher M. Lefebvre, Esq.
Claude Lefebvre, P.C.
Two Dexter Street
Pawtucket, RI 02860

Daniel A. Edelman, Esq.
Edelman, Combs, Latturner &
  Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603

By: <u>E. Macey Russell /s/</u>
     E. Macey Russell

3950496v1

# Exhibit 1

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Bank of America ATM Litigation | ) | MDL Docket No. |
| | ) | |
| | ) | |
| | ) | |

## JOINT MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED BANK OF AMERICA ATM LITIGATION PURSUANT TO 28 U.S.C. § 1407

MARK P. LADNER
WILLIAM L. STERN
REBEKAH KAUFMAN
ASHLEY L. BLICK
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000

*Attorneys for Defendant*
BANK OF AMERICA, N.A.

SCOTT C. BORISON
LEGG LAW FIRM, LLC
5500 Buckeystown Pike
Frederick, MD 20703
Telephone: (301) 620-1016
Facsimile: (301) 620-1018

*Attorney for Plaintiffs*
JAMES A. PROSSER, individually, and on
behalf of class of similarly situated persons,
and STEPHEN CAWELTI, individually,
and on behalf of class of similarly situated
persons

CHRISTOPHER M. LEFEBVRE
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
Telephone: (401) 728-6060
Facsimile: (401) 728-6534

*Attorney for Plaintiff*
DOUGLAS S. BROWN

Pursuant to Rule 7.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation (the "Panel"), defendant Bank of America, N.A. ("Bank of America") along with plaintiffs Douglas S. Brown, Stephen Cawelti and James A. Prosser (together, "the parties"), submit this Motion for Transfer and Consolidation and respectfully request that pursuant to 28 U.S.C. § 1407 the Panel enter an order: (a) transferring the above-captioned Bank of America ATM litigation, as well as any cases that may subsequently be filed asserting similar or related claims against Bank of America, to a single district court, and (b) consolidating those actions for coordinated pre-trial proceedings. The parties respectfully request that the Panel transfer the actions to the United States District Court for the District of Massachusetts.

In support of this Motion, the parties aver the following, as more fully set forth in the accompanying Memorandum of Law:

1.    This Motion seeks the transfer and consolidation of three class action complaints (the "Actions") that have been filed against Bank of America. Pursuant to Rule 7.2(a)(ii) of the Rules of the Panel, a schedule of the three Actions is annexed hereto as Exhibit A.

2.    All of the Actions arise from virtually identical sets of factual allegations and seek to hold Bank of America liable in connection with its ATM fee disclosures for non-Bank of America customers. The crux of the allegations is that Bank of America violated the Electronic Funds Transfer Act (the "EFTA") by failing to provide proper notice to the public that persons who do not use a Bank of America credit or debit card at an ATM maintained by Bank of America will be required to pay a fee for ATM services. Additionally, each Action presents the contested factual issue of whether Bank of America placed a fee notice sticker on each ATM in a conspicuous and prominent location.

3.    All of the Actions were filed in federal court.

4.    All of the Actions were filed within the last two months.

JOINT MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED BANK OF AMERICA ATM LITIGATION          1
sf-1928676

5.    All of the Actions are in the preliminary stages.  No answers or other responses have been filed; no discovery has been taken or is outstanding.

6.    The parties have filed a stipulation (a stipulation and order in the Central District of California) extending the time for Bank of America to respond to the complaints until thirty days after the decision by this Panel of this Motion.

7.    Bank of America is the sole defendant in all three of the Actions.  Bank of America is one of the nation's leading consumer banks, providing a broad range of banking services, including the operation of automated teller machines ("ATM's") located throughout the country.

8.    All of the Actions purport to bring claims on behalf of virtually identical classes of persons: persons who do not have an ATM or debit card issued by Bank of America, who used an ATM operated by Bank of America that allegedly did not have a notice posted in a prominent and conspicuous location that a fee will be imposed upon persons using it who do not have an ATM or debit issued by Bank of America, and were charged a fee.[1]  To determine the validity of the allegations, various common factual investigations will need to take place during discovery.

9.    Transfer and consolidation of these three Actions and any subsequent "tag-along" federal actions for pretrial proceedings will eliminate the potential for inconsistent rulings on critical pretrial motions in various cases, eliminate the burden of duplicative discovery on common issues, prevent unnecessary use of judicial resources, and reduce the overall costs and burdens for all parties.

10.    Transfer to the District of Massachusetts in particular will minimize cost and inconvenience, and will promote just and efficient conduct of the litigation.  The District of Massachusetts: (a) is home to one of the three cases already pending (b) is

---

[1] In bringing this motion, Bank of America in no way concedes that certification of the putative classes is proper under Federal Rule of Civil Procedure 23.  The point of this motion, however, is that for the purpose of efficiency and judicial economy, this issue should be litigated in one forum.

centrally located and easily accessible; (c) has the resources and judicial expertise to properly and efficiently conduct this case; (d) is the forum where plaintiffs' counsel have brought cases against other banks containing similar allegations to the cases here; and (e) is the forum of the first-filed case.

WHEREFORE the parties respectfully request that this Panel enter an order transferring the above-captioned Bank of America ATM Litigation to the District of Massachusetts pursuant to 28 U.S.C. § 1407.

Respectfully submitted,

Dated: 6/23 , 2005

MARK P. LADNER
WILLIAM L. STERN
REBEKAH KAUFMAN
ASHLEY L. BLICK
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522


By: _____
William L. Stern

Attorneys for Defendant
BANK OF AMERICA, N.A.

Dated: _June 22_, 2005

SCOTT C. BORISON
LEGG LAW FIRM, LLC
5500 Buckeystown Pike
Frederick, MD 20703
Telephone: (301) 620-1016
Facsimile: (301) 620-1018

By: _____
Scott C. Borison

Attorneys for Plaintiffs
JAMES A. PROSSER, individually,
and on behalf of class of similarly
situated persons, and
STEPHEN CAWELTI, individually,
and on behalf of class of similarly
situated persons

Dated: _June 28_, 2005

CHRISTOPHER M. LEFEBVRE
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
Telephone: (401) 728-6060
Facsimile: (401) 728-6534

By: _Christopher Lefebvre_
Christopher M. Lefebvre   (by WLS)
                          (with permission)

Attorneys for Plaintiff
DOUGLAS S. BROWN

**EXHIBIT A**
IN RE BANK OF AMERICA ATM LITIGATION
MDL Docket No. _____

SCHEDULE OF PENDING ACTIONS

| TITLE OF ACTION | DISTRICT COURT | CIVIL ACTION NUMBER | JUDGE ASSIGNED |
|---|---|---|---|
| James A. Prosser, individually, and on behalf of class of similarly situated persons v. Bank of America, N.A. | District of Maryland | 1:05-CV-01134 | Hon. Catherine Blake |
| Douglas S. Brown v. Bank of America, N.A. | District of Massachusetts | 05 10713 | Hon. Patty Saris |
| Stephen Cawelti, individually, and on behalf of class of similarly situated persons v. Bank of America, N.A. | Central District of California | CV05 2680 | Hon. S. James Otero |

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: ) <br> ) <br> Bank of America ATM Litigation ) <br> ) <br> ) <br> ) | MDL Docket No. |

## JOINT MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED BANK OF AMERICA ATM LITIGATION
### PURSUANT TO 28 U.S.C. § 1407

MARK P. LADNER
WILLIAM L. STERN
REBEKAH KAUFMAN
ASHLEY L. BLICK
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000

*Attorneys for Defendant*
BANK OF AMERICA, N.A.

SCOTT C. BORISON
LEGG LAW FIRM, LLC
5500 Buckeystown Pike
Frederick, MD 20703
Telephone: (301) 620-1016
Facsimile: (301) 620-1018

*Attorney for Plaintiffs*
JAMES A. PROSSER, individually, and on
behalf of class of similarly situated persons,
and STEPHEN CAWELTI, individually,
and on behalf of class of similarly situated
persons

CHRISTOPHER M. LEFEBVRE
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
Telephone: (401) 728-6060
Facsimile: (401) 728-6534

*Attorney for Plaintiff*
DOUGLAS S. BROWN

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

I.    FACTUAL BACKGROUND ....................................................................................... 2

    A.    *Brown v. Bank of America, N.A.* (Judge Alexander) ..................................... 3

    B.    *Cawelti v. Bank of America, N.A.* (Judge Otero) .......................................... 3

    C.    *Prosser v. Bank of America, N.A.* (Judge Blake) .......................................... 4

II.   ARGUMENT ............................................................................................................... 4

    A.    The Actions Present Virtually Identical Questions of Fact ............................. 5

    B.    Transfer to the District of Massachusetts Would Best Serve the
          Convenience of the Parties and Witnesses to the Actions ............................. 6

    C.    Transfer to the District of Massachusetts Will Promote the Just and
          Efficient Conduct of the Actions. .................................................................. 8

III.  CONCLUSION ........................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*In re Baldwin-United Corp. Litig.,*
581 F. Supp. 739 (J.M.P.L. 1984).................................................................................7

*In re Cross-Fla. Barge Canal Litig.,*
329 F. Supp. 543 (J.M.P.L. 1971).................................................................................8

*In re Nabumetone Patent Litig.,*
No. 1238, 1998 U.S. Dist. LEXIS 13735 (J.M.P.L. Sept. 2, 1998) ............................9

*In re Natural Gas Royalties Qui Tam Litig.,*
No. 1293, 1999 U.S. Dist. LEXIS 20892 (J.M.P.L. Oct. 20, 1999) ............................6

*In re RealNetworks, Inc. Privacy Litig.,*
No. 1329, 2000 U.S. Dist. LEXIS 1458 (J.P.M.L. Feb. 10, 2000) ..............................8

*In re Res. Exploration, Inc. Sec. Litig.,*
483 F. Supp. 817 (J.P.M.L. 1980)................................................................................8

*In re SmarTalk TeleServices, Inc., Sec. Litig.,*
No. 1315, 1999 U.S. Dist. LEXIS 19201 (J.M.P.L. Dec. 13, 1999)............................6

*In re Sugar Indus. Antitrust Litig.,*
395 F. Supp. 1271 (J.P.M.L. 1975)..............................................................................8

*In re The Hartford Sales Practices Litig.,*
No. 70, 1997 U.S. Dist. LEXIS 19671 (J.M.P.L. Dec. 8, 1997)..................................8

## STATUTES

28 U.S.C. § 1407(a) .......................................................................................................4

Pursuant to Rule 7.2(a)(i) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation (the "Panel"), the parties jointly submit this Memorandum of Law in further support of its Joint Motion for Transfer and Consolidation pursuant to 28 U.S.C. § 1407. As more fully set forth below, the parties respectfully request that the Panel grant the Joint Motion for Transfer and Coordination of the above-captioned Bank of America ATM litigation, to the United States District Court for the District of Massachusetts.

## PRELIMINARY STATEMENT

Currently pending are three putative class actions (the "Actions") in three different judicial districts throughout the country,[1] arising from virtually identical factual allegations. Bank of America is the sole defendant in the Actions, all of which are still in their infancy. No answer or other response has been filed. No discovery has been served. The Actions were filed within two weeks of each other. The first was filed on April 11, 2005, and the most recent action was filed on April 26, 2005. All three complaints allege that Bank of America failed to provide adequate notice to the public that persons who did not have a Bank of America credit or debit card would be charged a fee if they used an ATM operated by Bank of America. All three complaints claim that the alleged notice failures place Bank of America in violation of the 15 U.S.C. §§ 1693 *et seq.*, the Electronic Funds Transfer Act ("EFTA"). The cases seek similar relief for the much the same wrongs, albeit on behalf of consumers residing in four different states.

The parties are in agreement that transfer and consolidation of the related Bank of America ATM litigation to and in the District of Massachusetts would advance the intent of 28 U.S.C. § 1407. Transfer and consolidation for pretrial proceedings, in addition to promoting convenience to the parties and witnesses, is essential in order to prevent

---

[1] *See* Schedule of Pending Actions, Ex. A to the Joint Motion for Transfer and Consolidation.

1

conflicting, duplicative, and time-consuming motion practice and discovery, which is certain to be the outgrowth of litigating the same class certification and other issues three times in three different district courts. It is further necessary to avoid the enormous costs on all parties from having to litigate the same issues, and the unfairness to all parties imposed by the potential for inconsistent rulings. Consolidation is particularly appropriate here because all Actions are brought on behalf of nearly identical classes.

The parties agree that the District of Massachusetts is the ideal forum for the transfer of these Actions for several reasons. First, one of the Actions before this Panel is situated in the District of Massachusetts. Second, it is centrally located and easily accessible. Third, of the other cases plaintiffs' counsel has brought against other banks nationwide with similar allegations as the Actions, those filed in the District of Massachusetts predominate. Finally, it is the forum of the first-filed action.

## I.    FACTUAL BACKGROUND

Bank of America, N.A. ("Bank of America"), headquartered in Charlotte, North Carolina, is one of the nation's leading consumer banks. It provides a broad range of services, including the operation of automated teller machines ("ATM's") located throughout the country. There are currently three actions pending in different district courts against Bank of America based upon its alleged failure to comply with EFTA's fee-disclosure requirements on its ATM's, as set forth below. All three actions were filed within two weeks of each other, in April, 2005. The Actions are in preliminary stages: only the complaints have been filed. In all three cases, the parties have filed a stipulation (a stipulation and order in the Central District of California) extending the time for Bank of America to respond to the various complaints until thirty days from the date of the decision of the subject Motion by this Panel.

Bank of America is the sole defendant in the Actions. Additionally, counsel for the plaintiffs of the Actions are interconnected: Claude Lefebvre, P.C. is plaintiffs'

2

counsel in the *Brown* and *Prosser* actions, and Legg Law Firm is plaintiffs' counsel in the *Prosser* and *Cawelti* actions.

### A.   *Brown v. Bank of America, N.A.* (Judge Alexander)

The *Brown* action was filed on April 11, 2005 in the District of Massachusetts, by plaintiff Douglas S. Brown and on behalf of a putative class of "(a) all persons who do not have an ATM or debit card issued by Bank of America, N.A. and (b) who used an ATM maintained by Bank of America, N.A. in Massachusetts or Rhode Island that was not posted with a clear notice stating that a fee of stated amount will be imposed upon persons using it who do not have an ATM or debit card issued by Bank of America, N.A. (c) and were charged a fee (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action." (*Brown* Complaint ¶ 16).

The complaint asserts a claim under EFTA. The complaint seeks a variety of relief including, but not limited to, compensatory and statutory damages, attorney's fees, litigation expenses and cost of suit. No answer or other response has been filed, and no discovery has been served. Plaintiffs are represented by Claude Lefebvre, P.C. and Edelman, Combs, Latturner & Goodwin, LLC.

### B.   *Cawelti v. Bank of America, N.A.* (Judge Otero)

The *Cawelti* action was filed on April 12, 2005 in the Central District of California, by plaintiff Stephen Cawelti individually and on behalf of a putative class of "(a) all persons who do not have an ATM or debit card issued by Defendant and (b) who used an ATM operated by Defendant in California that did not have a notice posted in a prominent and conspicuous location that a fee will be imposed upon persons using it who not have an ATM or debit card issued by Defendant (c) and were charged a fee (d) during a period beginning four years prior to the filing of this action" (*Cawelti* Complaint ¶ 62).

The complaint asserts claims under EFTA and California Business & Professions Code section 17200 *et seq.* (the "UCL"). The complaint seeks a variety of relief

3

including, but not limited to, an order certifying that this action may be maintained as a class action, a declaratory judgment, an injunction, statutory damages, restitution and/or disgorgement, and reasonable costs and fees in bringing the action. No answer or other response has been filed, and no discovery has been served. Plaintiffs are represented by Legg Law Firm, LLC.

**C.    *Prosser v. Bank of America, N.A.* (Judge Blake)**

The *Prosser* action was filed on April 26, 2005 in the District of Maryland, by plaintiff James A. Prosser individually and on behalf of a putative class of "(a) all persons who do not have an ATM or debit card issued by Defendant and (b) who used an ATM operated by Defendant in Maryland that did not have a notice posted in a prominent and conspicuous location that a fee will be imposed upon persons using it who not have an ATM or debit card issued by Defendant (c) and were charged a fee (d) during a period beginning four years prior to the filing of this action" (*Prosser* Complaint ¶ 62).

The complaint asserts a claim under EFTA. The complaint seeks a variety of relief including, but not limited to, an order certifying that this action may be maintained as a class action, a declaratory judgment, an injunction, statutory damages, restitution and/or disgorgement, and reasonable costs and fees in bringing the action. No answer or other response has been filed, and no discovery has been served. Plaintiffs are represented by Legg Law Firm, LLC and Claude Lefebvre, P.C.

## II.    ARGUMENT

Consolidation of actions is appropriate under 28 U.S.C. § 1407 when: (i) the actions involve one or more common questions of fact; (ii) the transfer would serve the convenience of the parties and witnesses; and (iii) the transfer would promote the just and efficient conduct of the actions. 28 U.S.C. § 1407(a). The parties respectfully submit that the subject Actions satisfy each of those requirements, and are well suited for transfer to and consolidation in the District of Massachusetts.

4

**A.     The Actions Present Virtually Identical Questions of Fact**

The parties agree that the Actions arise from virtually identical sets of allegations, the crux of which are that Bank of America violated EFTA by failing to provide proper notice to the public that persons who do not use a Bank of America credit or debit card at an ATM maintained by Bank of America will be required to pay a fee for ATM services.

The plaintiffs all claim: 1) to have used an ATM operated by Bank of America to withdraw money, and 2) not to have an ATM or debit card issued by Bank of America when they used the ATM. Bank of America's alleged wrongdoing is the also the same in all of the complaints — that Bank of America allegedly did not post a notice on its ATM's that complied with EFTA. The notices allegedly did not state that persons who do not use a Bank of America credit or debit card at an ATM maintained by Bank of America *will* be required to pay a fee for ATM services. The notices are further alleged not to be properly placed in prominent or conspicuous locations on the machine. It is also commonly alleged that Bank of America has charged other customers the ATM fee at issue, and that Bank of America owns and operates the ATM's used by plaintiffs and other similar ATM's which also fail to meet the requirements of EFTA. The complaints further allege that Bank of America was prohibited from imposing any fee for providing host transfer services because it failed to provide the proper notice. All of these are common factual allegations making Section 1407 pretrial proceedings appropriate.

The legal commonalities among the Actions are nearly identical as well, rendering the cases particularly well suited for multi-district treatment. The EFTA claim is the sole claim alleged in the Actions, with the exception of *Cawelti,* pending in the Central District of California, which asserts another claim under the UCL.[2] The complaints in all three actions cite the same provisions of EFTA as the basis for their claim. Moreover, all of the plaintiffs and proposed class members allegedly suffered the same or similar

---

[2]     The UCL claim is not relevant to the determination of Section 1407 proceedings, however, as it is predicated and depends upon the success of the EFTA claim.

5

damages as a result of the alleged violations of EFTA: they were all allegedly charged a fee that was not properly disclosed in compliance with EFTA.

**B.    Transfer to the District of Massachusetts Would Best Serve the Convenience of the Parties and Witnesses to the Actions**

It is in the interest of both parties to have all the proceedings take place in one forum. Transfer and consolidation to one district would make this litigation less costly and more convenient for all involved. Bank of America is the sole defendant in all three cases. Plaintiffs' counsel, who overlap among the three Actions, would not have to litigate the same issues case in three different venues. Additionally, the witnesses in the three Actions are likely to overlap. It would be more convenient and efficient to have them testify only once, rather than travel at different times to different parts of the country. Finally, from the standpoint of judicial resources, it would be better to have a single judge decide these common issues, rather than three district judges. That could result in inefficiencies and inconsistent results, especially where (as here) the district courts are located in three different federal Circuit Courts. In sum, the reduction in overall inconvenience would be significantly meaningful, not merely preferable.

In selecting the transferee forum, the Panel also considers the forum preferred by the parties. The parties agree that the District of Massachusetts is the best forum for such transfer and consolidation, for several reasons. First, it is the forum in which one of the Actions, *Brown*, is already pending. Second, it is centrally located among the district courts where the Actions are pending, and is easily accessible. These two factors argue in favor of laying venue in the District of Massachusetts. *See In re SmarTalk TeleServices, Inc., Sec. Litig.*, No. 1315, 1999 U.S. Dist. LEXIS 19201, at *3 (J.M.P.L. Dec. 13, 1999) (noting "most responding parties agree that centralization is appropriate in the Ohio court); *In re Natural Gas Royalties Qui Tam Litig.*, No. 1293, 1999 U.S. Dist. LEXIS 20892, at *4 (J.M.P.L. Oct. 20, 1999) (noting that the transferee forum selected

6

was "the preferred choice of almost all parties that have addressed the issue of transferee district.")

Third, the Actions are substantially similar to three other cases brought against three other banks in the District of Massachusetts. Notably, these cases were brought by the same plaintiffs' counsel as in the subject *Brown* action, Christopher M. Lefebvre of Claude Lefebvre, P.C., as follows: *Maria Tabares v. Citizens Bank*, 05-10711-RWZ, filed on April 11, 2005; *Maureen E. Doloreto and Diane E. Horton v. Sovereign Bank*, 05-CV-10713 RCL, filed on April 11, 2005; and *Raymond Morrissey v. Webster Bank*, *N.A.*, 05-10984 WGY, filed on May 12, 2005. In total, counsel for plaintiffs' in the subject Actions have brought six other cases in district courts across the nation, each against different banks.[3] Though these cases are nationwide, the forum of the District of Massachusetts predominates: three of the six cases brought were filed in the District of Massachusetts. The District of Massachusetts, therefore, is a particularly convenient forum for plaintiffs' counsel.

Lastly, this Panel often gives deference to the choice of forum of the first-filed case, which here is the *Brown* action in the District of Massachusetts, filed April 11, 2005. *See In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 741 (J.M.P.L. 1984) (transferring cases to district where first-filed actions were pending). Considering the unanimous preference of the parties for the District of Massachusetts, and the above-recited factors, transfer and consolidation of the Actions in the District of Massachusetts is appropriate.

---

[3]    In addition to the three cases listed above, the following cases with similar allegations have been brought by counsel for plaintiffs' nationwide: *Cara L. Mohler v. M & T Bank, N.A.*, 1:05-CV-01070-JFM, brought by Scott C. Borison of Legg Law Firm, LLC, and filed in the District of Maryland on April 20, 2005; *Brenda Derflinger v. Farmers & Mechanics Bank*, 05-CV-1135 WDQ, brought by Scott C. Borison of Legg Law Firm, LLC, and filed in the District of Maryland on April 27, 2005; and *Pena v. Pawtucket Credit Union*, 1:05-CV-190, brought by Christopher M. Lefebvre of Claude Lefebvre, P.C., and filed in the District of Rhode Island on May 3, 2005.

7

**C.     Transfer to the District of Massachusetts Will Promote the Just and Efficient Conduct of the Actions.**

If the present petition were denied, these cases would likely proceed on a needlessly costly and inefficient basis with duplicative discovery and the potential for inconsistent and/or contradictory rulings and results. Each of the Actions is a putative class action presenting virtually identical factual and legal issues. The class definitions are congruent with one another, the only exceptions being the state(s) in which the plaintiffs used an ATM, and how long ago they used it. It is likely that the Actions will have nearly identical class certification issues in the respective district courts. This Panel has "consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determination exists." *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975); *accord In re Res. Exploration, Inc. Sec. Litig.*, 483 F. Supp. 817, 821 (J.P.M.L. 1980) ("It is desirable to have a single judge oversee the class action issues in these actions to avoid duplicative efforts and inconsistent rulings in this area") (citations omitted); *see also In re The Hartford Sales Practices Litig.*, No. 70, 1997 U.S. Dist. LEXIS 19671, at **2-3 (J.M.P.L. Dec. 8, 1997) (transfer involving only two putative class actions).

Moreover, in determining the validity of the allegations, the parties acknowledge that there will be extensive discovery over questions of fact common to all actions. It will be necessary in all cases to investigate the placement of Bank of America's notices, as well as review Bank of America's policies regarding notice of fee disclosures, among other things. Transfer and consolidation would prevent conflicting and duplicative motion practice, discovery, and pre-trial conferences, among other attendant litigation. Section 1407 pretrial proceedings are therefore appropriate. *See, e.g. In re Cross-Fla. Barge Canal Litig.*, 329 F. Supp. 543, 544 (J.M.P.L. 1971) ("Pretrial coordination or consolidation will eliminate the likelihood of repetitive discovery in [certain] areas, serving the convenience of the parties and witnesses and furthering the just and efficient

8

conduct of the litigation."); *see also In re RealNetworks, Inc. Privacy Litig.*, No. 1329, 2000 U.S. Dist. LEXIS 1458, at *3 (J.P.M.L. Feb. 10, 2000). Section 1407 proceedings would also advance judicial economy and the just conduct of the Actions, ensuring that what is essentially the same case gets tried only once. This reduces the burden on the federal courts, as well as on the parties.

The Actions are particularly poised for the threat of inconsistent rulings in various cases should they be tried in different district courts due to the identical nature of the factual allegations. There is almost no potential for any distinguishing characteristics if the cases were decided differently. They would be purely contradictory. It is entirely inconsistent with the purposes of Section 1407 for defendants and related plaintiffs' counsel to be required to brief and argue the same issues in three different federal courts. The parties could expend enormous resources prevailing in two courts, for example, only to receive an adverse decision in the third. Such a result would hardly constitute a just resolution of the issues.

An additional factor weighing heavily in favor of transfer and consolidation is the possibility of future "tag-along" actions. Although there are only three related Bank of America cases pending right now, other similar cases may be filed against Bank of America in other district courts. The existing Actions were filed relatively recently, and there is no reason to believe that cases based on the alleged wrongdoing by Bank of America, a *nationwide* bank, will be confined to the three district courts where the Actions are currently pending. Additionally, as noted above, the District of Massachusetts is already host to a number of other cases filed against other banks alleging much the same wrongs as the instant actions.

Accordingly, transfer of these related Actions will provide a ready forum for new actions as they are filed. *See In re Nabumetone Patent Litig.*, No. 1238, 1998 U.S. Dist. LEXIS 13735, at *3 (J.M.P.L. Sept. 2, 1998) (explaining that "transfer under Section

9

1407 will have the salutary effect of assigning the present actions and any future tag-along actions to a single judge who can formulate a pretrial program that ensures the pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts.")

Furthermore, the Actions are all in preliminary stages. As noted above, the parties have filed stipulations (stipulation and order in the Central District of California) extending the time for Bank of America to respond to the various complaints until thirty days after the decision on the present Motion by the Panel. The benefit to the courts, the parties, and the witnesses is therefore increased: the blank slate means that there will be no need for a transferee court to reconcile proceedings that have already advanced.

Lastly, transfer of the Actions to the District of Massachusetts will not burden or overextend the District's docket. There is no real difference in the congestion of the dockets in the district courts where the actions are pending.[4] Further, there is no dispute that the District of Massachusetts does not have the resources and the judicial expertise to manage the related Bank of America ATM litigation.

---

[4]    11 MDL's are currently pending in the Central District of California; 11 MDL's are currently pending in the District of Massachusetts; and 8 MDL's are currently pending in the District of Maryland (although this includes some very large MDL's to which several judges are assigned, such as the Microsoft antitrust litigation).

### III.    CONCLUSION

For the foregoing reasons, the parties respectfully request that the Panel grant the parties' Joint Motion for an order transferring and consolidating the related Bank of America ATM Litigation to the District of Massachusetts.

Respectfully submitted,

Dated: _June 23_ 2005

MARK P. LADNER
WILLIAM L. STERN
REBEKAH KAUFMAN
ASHLEY L. BLICK
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

By: _William Stern_
    William L. Stern

Attorneys for Defendant
BANK OF AMERICA, N.A.

Dated: _June 22_, 2005

SCOTT C. BORISON
LEGG LAW FIRM, LLC
5500 Buckeystown Pike
Frederick, MD  20703
Telephone: (301) 620-1016
Facsimile: (301) 620-1018

By: _Scott C. Borison_
    Scott C. Borison

Attorneys for Plaintiffs
JAMES A. PROSSER, individually,
and on behalf of class of similarly
situated persons, and
STEPHEN CAWELTI, individually,
and on behalf of class of similarly
situated persons

11

Dated: _June 28_, 2005

CHRISTOPHER M. LEFEBVRE
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI  02860
Telephone: (401) 728-6060
Facsimile: (401) 728-6534

By: _Christopher Lefebvre_ (by WCS)
     Christopher M. Lefebvre  (w/permission)

Attorneys for Plaintiff
DOUGLAS S. BROWN

12