IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DOUGLAS S. BROWN, STEPHEN KAWELTI and JAMES A. PROSSER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 05-10713-PBS |
| BANK OF AMERICA, N.A., | ) ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT - CLASS ACTION

### INTRODUCTION

1. Plaintiff Douglas S. Brown ("Brown"), Stephen Kawelti ("Kawelti") and James A. Prosser ("Prosser") brings this action to secure redress for the defendant, Bank of America's violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205, Mass. G.L., Ch. 93A and California Business and Professions Code § 17200.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1693m (EFTA).

3. Venue in this District is proper in that defendant does business in this District and some of the events complained of occurred in this District.

### PARTIES

4. Plaintiff Brown is an individual who resides in Seekonk, MA. He is not a customer of Defendant Bank of America, N.A.

5. Plaintiff Kawelti is an individual who resides in California. He is not a customer of Defendant Bank of America, N.A.

6. Plaintiff Prosser is an individual who resides in Maryland. He is not a customer of Defendant Bank of America, N.A.

7. Defendant Bank of America, N.A. is a federally-chartered corporation which does business in Massachusetts, Rhode Island, California and Maryland.

8. Among other business activities in Massachusetts, Rhode Island, California and Maryland, Bank of America, N.A. maintains automated teller machines ("ATMs") in numerous locations throughout each state.

## FACTS

9. Within one year prior to the filing of his action, Plaintiff Brown conducted an electronic funds transfer at an automated teller machine ("ATM") maintained by defendant in South Attleboro, MA.

10. Within one year prior to the filing of his action, Plaintiff Kawelti conducted an electronic funds transfer at an ATM maintained by defendant in Los Angeles, California.

11. Within one year prior to the filing of his action, Plaintiff Prosser conducted an electronic funds transfer at an ATM maintained by defendant in Frederick, Maryland.

12. Any transaction carried out through an ATM is governed by EFTA. The EFTA, 15 U.S.C. §1693a, provides:

> . . . (6) the term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions . . . .

13.   Each Plaintiff was charged a fee by the Defendant's ATM.

## VIOLATION ALLEGED

## COUNT I - EFTA

14.   Plaintiffs incorporate ¶¶ 1-13.

15.   Defendant Bank of America, N.A. failed to notify the Plaintiffs and the public, as required by law, that they will be required to pay a fee for cash withdrawals each time they use an ATM maintained by Bank of America.

16.   The EFTA, 15 U.S.C. §1693b, provides:

Regulations

(a) Prescription by Board.  The Board shall prescribe regulations to carry out the purposes of this title *[15 USCS §§ 1693* et seq.]. . . .

(d) Applicability to service providers other than certain financial institutions.

   (1) In general.  If electronic fund transfer services are made available to consumers by a person other than a financial institution holding a consumer's account, the Board shall by regulation assure that the disclosures, protections, responsibilities, and remedies created by this title *[15 USCS §§ 1693* et seq.] are made applicable to such persons and services. . . .

   (3) Fee disclosures at automated teller machines.

      (A) In general. The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of --

         (i) the fact that a fee is imposed by such operator for providing the service; and

         (ii) the amount of any such fee.

      (B) Notice requirements.

(i) On the machine. The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii) On the screen. The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on the date of the enactment of the Gramm-Leach-Bliley Act [enacted Nov. 12, 1999] and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

(C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

(i) the consumer receives such notice in accordance with subparagraph (B); and

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

(D) Definitions. For purposes of this paragraph, the following definitions shall apply:

(i) Automated teller machine operator. The term "automated teller machine operator" means any person who--

      (I) operates an automated teller machine at which consumers initiate electronic fund transfers; and

      (II) is not the financial institution that holds the account of such consumer from which the transfer is made.

   (ii) Electronic fund transfer. The term "electronic fund transfer" includes a transaction that involves a balance inquiry initiated by a consumer in the same manner as an electronic fund transfer, whether or not the consumer initiates a transfer of funds in the course of the transaction.

   (iii) Host transfer services. The term "host transfer services" means any electronic fund transfer made by an automated teller machine operator in connection with a transaction initiated by a consumer at an automated teller machine operated by such operator.

17. Regulation E, 12 C.F.R. § 205.16, provides:

Disclosures at automated teller machines.

 (a) Definition. Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made.

(b) General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
  (1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
  (2) Disclose the amount of the fee.
 (c) Notice requirement. An automated teller machine operator must comply with the following:
  (1) On the machine. Post the notice required by paragraph (b)(l) of this section in a prominent and conspicuous location on or at the automated teller machine; and
  (2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

 (d) Temporary exemption. Through December 31, 2004, the notice requirement in paragraph (c)(2) of this section does not apply to any automated teller machine that lacks the technical capability to provide such information.
(e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if
> (1) The consumer is provided the notices required under paragraph (c) of this section, and
> (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

18.     Defendant Bank of America, N.A. did not post a notice on its ATMs that complied with 15 U.S.C. §1693b and 12 C.F.R. § 205.16 (c) (1).  The Defendant's notice for a cash withdrawal is neither prominent or conspicuous on the machine. It is inconspicuously located on the side of the machine in very small print, and is unclear.

19.     In addition, the notices on the ATMs in Maryland and California state that fees "may" be charged to non-customers when in fact fees are definitely charged except in the case of benefits deposits.

20.     Defendant Bank of America, N.A. did not comply with the notices required by 15 U.S.C. §1693b and 12 C.F.R. § 205.16 (c) (2).

21.     The Defendant is not permitted to charge any fee for a cash withdrawal without proper notice.

22.     The EFTA, 15 U.S.C. §1693m, provides:

Civil liability

(a) Individual or class action for damages; amount of award.  Except as otherwise provided by this section and section 910 *[15 USCS § 1693h],* any person who fails to comply with any provision of this title *[15 USCS §§ 1693* et seq.] with respect to any consumer, except for an error resolved in accordance with section 908 *[15 USCS § 1693f],* is liable to such consumer in an amount equal to the sum of--

> (1) any actual damage sustained by such consumer as a result of such failure;

(2) (A) in the case of an individual action, an amount not less than $ 100 nor greater than $ 1,000; or

(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

(b) Factors determining amount of award. In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--
(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.

. . . (g) Jurisdiction of courts; time for maintenance of action. Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

## CLASS ALLEGATIONS

23.     This claim is brought on behalf of four classes, designated Massachusetts, Rhode Island, Maryland and California. Brown is the representative for the Massachusetts and Rhode Island classes. Kawelti is the representative for the California class. Prosser is the representative for the Maryland class.

24. Each class consists of (a) all persons who do not have an ATM or debit card issued by Bank of America, N.A. and (b) who used an ATM maintained by Bank of America, N.A. (c) located in the designated state, (d) and were charged a fee (e) during a period beginning one year prior to the filing of this action and ending 20 days after the initial filing of this action.

25. Each class is so numerous that joinder of all members is impracticable.

26. There are more than 50 members of each class.

27. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions are:

    a. Whether the notices defendant placed on the side of the ATM are prominent and conspicuous;

    b. With respect to the California and Maryland classes, whether a notice stating that a fee "may" be charged when one "will" be charged complies with the EFTA and regulations.

28. Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal and factual issues.

29. Plaintiffs will fairly and adequately represent the members of the class. Plaintiffs have retained counsel experienced in the prosecution of consumer credit claims and class actions.

30. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many

class members may be unaware that they have been victims of illegal conduct and were charged fees for cash withdrawals when the Defendant did not have the right to charge them fees.

### COUNT II -- MASS. G.L., CH. 93A

31.  Plaintiff Brown incorporates ¶¶ 1-30.

32.  This claim is on behalf of the Massachusetts class.

33.  Defendant's violation of the EFTA also constitutes a violation of Mass. G.L., ch. 93A.

34.  An appropriate demand for relief was made on April 15, 2005.

### COUNT III – CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

35.  Plaintiff Kawelti incorporates ¶¶ 1-30.

36.  This claim is on behalf of the California class.

37.  Defendant's violation of the EFTA also constitutes a violation of California's Business and Professions § 17200.

WHEREFORE, plaintiffs request that the Court enter judgment in plaintiffs' favor and in favor of the class for:

1.  Appropriate compensatory and statutory damages;
2.  Attorney's fees, litigation expenses and costs of suit;
3.  Such other or further relief as is appropriate.

/s/Christopher M. Lefebvre
Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

        Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


        Scott C. Borison, Esq.
borison@legglaw.com
Susan Yoon, Of Counsel
yoon@legglaw.com
Legg Law Firm LLC
5500 Buckeystown Pike
Frederick, MD  21703
(301) 620-1016  Telephone
(301) 620-1018  Facsimile
Attorney for Plaintiff


## JURY DEMAND

Plaintiffs demand trial by jury.


        /s/Christopher M. Lefebvre
        Christopher M. Lefebvre

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of record by mail on December 23, 2005.

E. Macey Russell, Esq.
E. Macey Russell, P.C.
Choate, Hall & Stewart, LLP
Exchange Place, 53 State Street
Boston, MA 02109