IN UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS S. BROWN, STEPHEN KAWELTI and JAMES A. PROSSER,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　Defendant. | 05-10713-PBS |

## ANSWER OF DEFENDANT BANK OF AMERICA, N.A. TO SECOND AMENDED COMPLAINT

Defendant Bank of America, N.A. responds as follows to each numbered paragraph of the Second Amended Complaint ("Complaint") filed in the above-captioned case.

### INTRODUCTION

1. Responding to paragraph 1 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. Defendant admits that Plaintiffs purport to bring this action under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, Regulation E, 12 C.F.R. 205 *et seq.*, Mass. G.L., Ch. 93A and California Business and Professions Code § 17200, but denies the propriety of such action or that it has violated any such statutes.

### JURISDICTION AND VENUE

2. Responding to paragraph 2 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegation.

3. Responding to paragraph 3 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. Defendant admits that it does business in this District. As to the remaining averments, Defendant is without knowledge or information sufficient to form a belief as to their truth and on that basis denies the allegations.

## THE PARTIES

4. Responding to paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions contained in this paragraph and on that basis denies the allegations.

5. Responding to paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions contained in this paragraph and on that basis denies the allegations.

6. Responding to paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions contained in this paragraph and on that basis denies the allegations.

7. Responding to paragraph 7 of the Complaint, Defendant admits that it is a federally chartered bank and that it does business in Massachusetts, Rhode Island, California, and Maryland.

8. Responding to paragraph 8 of the Complaint, Defendant admits that it operates automated teller machines ("ATMs") in Massachusetts, Rhode Island, California, and Maryland.

## FACTS

9. Responding to paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions contained in this paragraph and on that basis denies the allegations.

10. Responding to paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law contained in this paragraph and on that basis denies the allegations.

sf-2064246

11. Responding to paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law contained in this paragraph and on that basis denies the allegations.

12. Responding to paragraph 12 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

13. Responding to paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions contained in this paragraph and on that basis denies the allegations.

## VIOLATION ALLEGED
### COUNT I – EFTA

14. Responding to paragraph 14 of the Complaint, Defendant incorporates its response to the preceding paragraphs.

15. Responding to paragraph 15 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

16. Responding to paragraph 16 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

17. Responding to paragraph 17 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

18. Responding to paragraph 18 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

19. Responding to paragraph 19, Defendant admits that its ATMs in Maryland and California state that fees "may" be charged to non-customers. Defendant denies the remaining allegations, inferences and conclusions of law contained in this paragraph.

20. Responding to paragraph 20 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

21. Responding to paragraph 21 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

22. Responding to paragraph 22 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

## CLASS ACTION ALLEGATIONS

23. Responding to paragraph 23 of the Complaint, Defendant admits that this claim is purported to be brought on behalf of four classes, designated Massachusetts, Rhode Island, Maryland and California. Defendant further admits that Plaintiff Brown purports to be the representative for the Massachusetts and Rhode Island classes, Plaintiff Kawelti purports to be the representative for the California class, and Plaintiff Prosser purports to be the representative for the Maryland class. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and

conclusions, and conclusions of law as to the purported Plaintiffs as contained in this paragraph and on that basis denies the allegations.

24.  Responding to paragraph 24 of the Complaint, Defendant admits that Plaintiffs purport to bring this suit on behalf of classes consisting of (a) all persons who do not have an ATM or debit card issued by Defendant and (b) who used an ATM maintained by Defendant (c) located in the designated state, (d) and were charged a fee (e) during a period beginning one year prior to the filing of this action and ending 20 days after the initial filing of this action. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions, and conclusions of law as to the purported Plaintiffs as contained in this paragraph and on that basis denies the allegations.

25.  Responding to paragraph 25 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

26.  Responding to paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions, and conclusions of law as to the purported Plaintiffs as contained in this paragraph and on that basis denies the allegations. By way of further answer, Defendant denies the propriety of certification of any such classes but admits that more than fifty individuals have used its ATM machines.

27.  Responding to paragraph 27 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

28.  Responding to paragraph 28 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a

sf-2064246

response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

29.  Responding to paragraph 29 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph. As to the remaining averments, Defendant is without knowledge or information sufficient to form a belief as to the truth and of the allegations, inferences, and conclusions contained in this paragraph and on that basis denies the allegations.

30.  Responding to paragraph 30 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

## COUNT II – MASS. G.L., CH. 93A

31.  Responding to paragraph 31 of the Complaint, Defendant incorporates its response to paragraphs 1-30.

32.  Responding to paragraph 32 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions, and conclusions of law as to the purported Plaintiffs as contained in this paragraph and on that basis denies the allegations. By way of further answer, Defendant admits that Plaintiff Brown purports to bring this claim on behalf of a Massachusetts class.

33.  Responding to paragraph 33 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

34.  Responding to paragraph 34 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions, and conclusions of law as to the purported Plaintiffs as contained in this paragraph

sf-2064246

and on that basis denies the allegations. By way of further answer, Defendant acknowledges receipt of a letter dated April 15, 2005 was sent via certified mail to Defendant purporting to be a "Demand Letter" and further that the Defendant responded to that letter. By way of further answer, Defendant denies the remaining allegations, inferences, and conclusions, and conclusions of law contained in this paragraph.

### COUNT III – CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

35. Responding to paragraph 35 of the Complaint, Defendant incorporates its response to paragraphs 1-30.

36. Responding to paragraph 36 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions, and conclusions of law as to the purported Plaintiffs as contained in this paragraph and on that basis denies the allegations. By way of further answer, Defendant admits that Plaintiff Kawelti purports to bring this claim on behalf of a California class.

37. Responding to paragraph 37 of the Complaint, Defendant states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that a response is required, the Defendant denies the allegations, inferences and conclusions of law contained in this paragraph.

Except as expressly admitted herein, Defendant denies each and every averment of the Complaint and demands strict proof thereof.

sf-2064246

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State A Claim — All Causes of Action)

The Complaint and each and every cause of action therein fail to state facts sufficient to constitute a cause, or causes, of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Complaint Uncertain)

The Complaint and the allegations thereof are uncertain.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs are barred by the doctrine of unclean hands from asserting any of the claims in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs' claims, and those of the purported classes, are barred, in whole or in part, because Plaintiffs lacks standing to assert any or all of the causes of action alleged in the Complaint either individually or on behalf of the purported classes.

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The Complaint and each of its purported causes of action are barred, in whole or in part, by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

The Complaint and each of its purported causes of action are barred, in whole or in part, by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

The Complaint and each of its purported causes of action are barred, in whole or in part, by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

The Complaint and each of its purported causes of action are barred, in whole or in part, by the equitable doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE
### (No Injury or Damage)

Defendant denies that Plaintiffs and/or any member of the purported classes have suffered any injury or damage whatsoever, and further denies that it is liable to Plaintiffs and/or any member of the purported classes for any of the injury or damage claimed or for any injury or damage whatsoever.

### TENTH AFFIRMATIVE DEFENSE
### (Damages Capped)

To the extent that members of the putative classes suffered injury or damage, which Defendant denies, such injury or damage is capped at $500,000.

### ELEVENTH AFFIRMATIVE DEFENSE
### (No Causation)

To the extent that Plaintiffs and/or the purported classes suffered injury or damage, which Defendant denies, such injury or damage was not proximately caused by any conduct or inaction of Defendant, or was not foreseeable, or both.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Reliance)

Plaintiffs' claims, and those of the purported classes, are barred, in whole or in part, because Plaintiffs did not rely on the statements or omissions of which Plaintiffs now complain, and, moreover, the alleged statements and omissions were not material.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Equitable Relief — Remedies)

Plaintiffs and the purported classes are barred from asserting any claims for equitable relief because they have adequate remedies at law and/or equitable relief is neither necessary nor proper under applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Abstention/Preemption)

The Complaint is barred in whole or in part by the doctrines of preemption and abstention.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Visitorial Powers)

The Complaint is barred in whole or in part because the Complaint is an unlawful exercise of visitorial powers over a national bank and such powers are vested solely and exclusively in the Office of the Comptroller of the Currency.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Ratification or Consent)

Plaintiffs' claims are barred by Plaintiffs' ratification of and/or consent to the conduct of which they complain.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Voluntary Payment Doctrine)

Plaintiffs' claims are barred by the voluntary payment doctrine.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Compliance with Governing Statutes)

Defendant is not liable to Plaintiffs or to any other person by reason of its compliance with applicable statutes, laws and regulations.

### NINETEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Plaintiffs' claims are barred because the relief Plaintiffs seek would violate Defendant's right to free speech as guaranteed under the First Amendment to the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Comply with Mass. G.L. Ch. 93A)

Plaintiff Brown has failed to fully and properly comply with Mass. G.L. Ch. 93A, and, therefore, Plaintiff is not entitled to recover against Defendant in this matter.

sf-2064246

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Make a Proper Demand Under Mass. G.L. Ch. 93A)

Plaintiff Brown failed to properly make a demand under Mass. G.L. Ch. 93A, and, therefore, Plaintiff is not entitled to recover against Defendant in this matter.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Claimed Actions Did Not Occur Substantially in Massachusetts)

Plaintiff Brown has failed to comply with Mass. G.L. Ch. 93A as the actions claimed did not occur substantially within the Commonwealth of Massachusetts and, therefore, the Plaintiff is not entitled to recover under Mass. G.L. Ch. 93A against Defendant in this matter.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Claimed Actions Not Unfair, Deceptive, Intentional, Willful or Wanton)

The actions claimed by Plaintiff Brown in the Complaint were and are not unfair, deceptive, intentional, willful or wanton under Mass. G.L. Ch. 93A and, therefore, the Plaintiff is not entitled to recover against Defendant in this matter.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Injury under Mass. G.L. Ch. 93A)

Plaintiff Brown has not been injured under Mass. G.L. Ch. 93A by the actions claimed in the Complaint and, therefore, the Plaintiff is not entitled to recover against Defendant in this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for the order and judgment of this Court in its favor against Plaintiffs as follows:

1. Dismissing this action with prejudice on the merits;
2. Awarding Defendant its reasonable costs as may be allowed by law; and

sf-2064246

3.  Awarding Defendant such other and further relief as the Court deems just and proper.

Dated: January 23, 2006

BANK OF AMERICA, N.A.

By its attorneys,

/s/ E. Macey Russell
E. Macey Russell, P.C. (BBO #542371)
Choate, Hall & Stewart, LLP
Exchange Place, 53 State Street
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 348-4000