UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DOUGLAS S. BROWN, STEPHEN KAWELTI, and JAMES A. PROSSER | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05 10713 PBS |
| v. | ) ) ) | Magistrate Alexander |
| BANK OF AMERICA, N.A. | ) ) | |
| Defendant. | ) ) ) | |

## JOINT CASE MANAGEMENT CONFERENCE STATEMENT

The Plaintiffs, Douglas S. Brown, Stephen Cawelti, James A. Prosser, ("Plaintiffs") and the Defendant, Bank of America, N.A., ("Bank"), have complied with Local Rule 16.1 (B) and jointly submit under Rule 16.1(D) this Joint Case Management Statement. The Plaintiffs have not submitted a settlement proposal under Rule 16.1(C) as this is a proposed class action case, the issues concerning class certification have not been determined and thus, settlement is premature at this stage of the litigation.

### A.    FRCP 26(a) Initial Disclosures

The parties agree that no changes are necessary to the form of or requirement for disclosures under Rule 26(a). The parties will exchange the initial disclosures mandated by Rule 26(a) on or before April 14, 2006.

### B.    Amendments to Pleadings

None are known at this time.

C.    **The Scope of Discovery**

The parties have had discussions about an efficient case management procedure but have been unable to agree on scope of discovery or the schedule. The parties have different views on whether the scope of this case can or will be narrowed based upon the Bank's proposed Partial Motion for Summary Judgment, which is discussed in Section D below. The parties have set forth below their respective proposals concerning discovery.

<u>Plaintiffs' Position</u>

The Plaintiffs believe their proposed schedule is appropriate because the issue of class certification should be decided prior to summary judgment. In addition, bifurcated discovery schedules tend to result in protracted litigation and numerous disputes about what discovery can be taken in each stage of the schedule. A standard discovery schedule will limit such disputes. The Plaintiffs propose the following discovery schedule:

1.    April 14, 2006:  Deadline for exchanging initial Rule 26(a) disclosures-- Agreed;

2.    September 1, 2006:  Deadline for Amendments to Complaint;

3.    October 2, 2006:  Non-Expert Discovery Cut-Off;

4.    October 15, 2006:  Deadline for Filing Motion for Class Certification;

5.    November 1, 2006:  Deadline for Plaintiff to Disclose Expert, and provide expert disclosures;

6.    November 15, 2006:  Deadline for Defendant to Disclose Expert and provide expert disclosures;

7.    December 15, 2006:  Deadline for completion of expert discovery;

8.    January 30, 2007:  Deadline for Filing Dispositive Motions;

9.    March 1, 2007: Deadline for filing Joint Pre-trial Memorandum;

10.    Case ready for trial by April 1, 2007.

With respect to the Bank's concern about the expert disclosures being due prior to the motion for class certification, the Plaintiffs believe, based on counsels' experience in other cases, that it is extremely unlikely that the Plaintiffs will require expert testimony regarding class certification issues. The Plaintiffs are not opposed to disclosing any expert they might retain concerning class certification prior to filing a motion for class certification, but believe that the general expert disclosure deadline should come after the close of discovery. The Plaintiffs are not opposed to granting defendant 45 days after the Plaintiffs' expert disclosures are due to disclose their own expert.

Defendants' Position

In March 2006, the Bank intends to file a Motion for Partial Summary Judgment which, if allowed, would considerably narrow if not eliminate the need for discovery. The Bank submits that general discovery pursuant to the Plaintiffs' proposed schedule is therefore premature. In addition, the Bank objects to particular features of the Plaintiffs' proposed schedule. The Plaintiffs propose that they will file a motion for class certification prior to disclosing their expert witnesses and also propose that the Bank then disclose its expert witnesses within fourteen (14) days. The Bank believes that expert testimony is likely to be relevant and/or should be considered by the Court on the motion for class certification, and thus this information should be disclosed prior to the certification motion. The Bank anticipates needing at least forty-five (45) days to respond to the Plaintiffs' disclosure of expert witnesses and to make its own expert disclosures.

The Bank submits that a limited discovery schedule would be more efficient and practical, and proposes the following schedule:

1.    The Bank will file a Motion for Partial Summary Judgment by *March 24, 2006* on the issues identified in Section D below;

2.    The Plaintiffs shall submit their proposed discovery requests relevant to opposing the Bank's Motion for Partial Summary Judgment (including a request for the production of documents to the Bank relating to the claim that the ATM Notice Decals on the side of the ATM machines are not "prominent and conspicuous") on or before March 31, 2006;

3.    The parties then shall then to meet and confer regarding the scope of the Plaintiffs' discovery requests, and the Defendants shall respond and file any objections on or before April 30, 2006;

4.    Limited discovery on the "prominent and conspicuous" issues shall be completed on or before September 1, 2006; and

5.    Should the Court deny the Bank's Motion for Partial Summary Judgment on some or all issues, the parties at that time can file a revised Case Management Statement.

**D.    Motions**

The Bank anticipates filing a Partial Motion for Summary Judgment by *March 24, 2006,* on the following issues:  Every single person who ever completed an ATM transaction first responded to an electronic notice of the fee, and expressly agreed that he/she was willing to pay the fee for the transaction.  If any person did not wish to pay the fee, then he/she simply terminated the transaction.  It would make no difference if the Bank had posted its Notice Decals

in some other locations, and it would make no difference if the Notice Decals had contained some additional language. Accordingly, the Plaintiffs cannot to prove causation, injury and/or damages under EFTA, Chapter 93A, and California Business and Professions Code §17200, which requires a dismissal of these claims as a matter of law; (ii) the Bank's ATM Notice Decals contain state that a fee "may" and/or "will" be charged, and this phrasing does not violate of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 *e seq.,* as explained by the Federal Reserve Board's revised Regulation E Commentary issued on December 30, 2005; and (iii) if the Plaintiffs have any claims at all, their claims under both state law and the EFTA are capped at $500,000 pursuant to 15 U.S.C. §1693 which provides that, "the total recovery under this subparagraph in any class action or series of class action arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant," 15 U.S.C. §1693(b).  The Bank's motion is supported by the very Chapter 93A recent decisions of the Massachusetts Supreme Judicial Court in Hershenow v Enterprise Rent-A-Car Company, ___ Mass. ___, SJC-09359 (January 17, 2006) and Roberts v. Enterprise Rent-A-Car Company, __ Mass. ___, SJC-09660 (January 17, 2006).

    If any issues remain after the Court addresses the Bank's Motion for Partial Summary Judgment, the Bank anticipates filing a motion for summary judgment on any such remaining issues at the close of full discovery.

E.     **Trial Schedule**

The Plaintiffs request that the case be ready for trial by April 1, 2007.  The Bank believes

that this action may be resolved pursuant its Partial Motion for Summary Judgment, and

accordingly request that no trial be set until after resolution of its Motion.

<table>
<tr><td></td><td>BANK OF AMERICA, N.A.</td></tr>
<tr><td></td><td>By its attorneys,</td></tr>
</table>

Counsel:

William L. Stern
Rebekah E. Kaufman
Morrison & Forester LLP
425 Market Street
San Francisco, CA 94105-2482

/s/ E. Macey Russell
_____
E. Macey Russell (BBO #542371)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
Tel.:  (617) 248-5000
Fax:  (617) 248-4000

DOUGLAS S. BROWN, STEPHEN
KAWELTI and JAMES A. PROSSER

By its attorneys,

/s/
_____
Christopher M. Lefebvre
Claude Lefebvre, P.C.
Two Dexter Street
Pawtucket, RI 02860
Tel.:  (401) 728-6060
Fax:  (401) 728-6534

Dated:  February 21, 2006

I, E. Macey Russell counsel for the Defendant, Bank of America, N.A. hereby certify that Christopher M. Lefebvre, counsel for the Plaintiffs has agreed to the form and substance of this Joint Case Management Conference Statement, and that Mr. Lefebvre, via e-mail, has authorized me to submit this document electronically.

E. Macey Russell /s/
E. Macey Russell

4045128v2