IN UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS S. BROWN, STEPHEN KAWELTI and JAMES A. PROSSER,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 05-10713-PBS<br>Hon. Patti. B. Saris<br><br>Complaint Filed: April 11, 2005 |

### DEFENDANT, BANK OF AMERICA N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUMMARY JUDGMENT (AS TO COUNTS TWO AND THREE)

### INTRODUCTION

This is a four-state[1] putative class action brought by the Plaintiffs, Douglas S. Brown, Stephen Kawelti, and James A. Prosser ("Plaintiffs"), challenging the ATM Decals that the Defendant, Bank of America, N.A. ("Bank of America"), places on its automatic teller machines ("ATMs"). The Second Amended Complaint ("SAC") contains three counts: (1) the Electronic Funds Transfer Act, 15 U.S.C. §1693 ("EFTA"); (2) Massachusetts General Law ch. 93A ("Chapter 93A"); and (3) California's Bus. & Prof. Code §17200 *et seq.* ("Section 17200").

Bank of America submits that pursuant to Fed. Rule Civ. P. 56 that is entitled to summary judgment as a matter of law on the following claims and legal issues:

1) ***"Wrongful verb" claim.*** Plaintiffs in the California and Maryland subclasses contend that Bank of America uses the wrong verb -- "may" -- on its ATM Decals. According to Plaintiffs, Bank of America notifies users that non-customers of the bank "may" be charged for cash withdrawals, whereas "fees are

---

[1] California, Maryland, Massachusetts, and Rhode Island.

1

definitely charged except in the case of benefits deposits." Plaintiffs contend that if even one person is charged, the Bank's verb choice violates the EFTA. Plaintiffs are wrong. Neither the EFTA nor the Federal Reserve Board's "Regulation E" prescribes a mandatory form of verb. Moreover, Judge Young recently granted summary judgment in favor of Webster Bank in an identical "wrongful verb" class action case brought by the same class counsel. He characterized plaintiff's verb argument as "ridiculous" and "bordering on the frivolous." *Morrissey v. Webster Bank, N.A.*, 2006 U.S. Dist. LEXIS 6543 (D. Mass., Feb. 22, 2006).

2) *"$500,000 cap."* The EFTA imposes a $500,000 cap on the total amount of statutory damages, "in any class action or series of class actions arising out of the same failure to comply by the same person." Here, Plaintiffs have carved up their "class action" into four state-only classes and, through that legal surgery, will presumably contend that each is eligible to receive a separate $500,000 "cap" award. They also include two state law claims (under Chapter 93A and Section 17200) each of which appears to seek *un*-capped monetary relief. Neither is permissible. The first violates the EFTA "cap" provision, while the second violates EFTA's preemption provision. A trial court in California ruled in an indistinguishable "wrongful verb" case that Plaintiffs may not use Section 17200 to pyramid the EFTA "cap".

3) *No "Loss Causation."* All three laws -- the EFTA, Chapter 93A, and Section 17200 -- require that Plaintiffs have suffered injury "as a result of" the allegedly wrongful acts. But here, the only harm alleged is that potential class members paid a transaction fee to withdraw cash from a Bank of America ATM machine instead of using their own bank's machine. It is undisputed that on every ATM screen the Bank discloses that a fee is charged and asks each user, "Do you want to continue?" Only those who enter "Yes" are charged. Thus, every

2

member of the class is someone who, by definition, instructed the Bank to impose the charge in exchange for making a cash withdrawal at a machine other than their own. The Court should enter partial summary judgment in favor of Bank of America on the EFTA count,[2] and summary judgment on the Chapter 93A and Section 17200 counts.

Bank of America submits that there is no factual or legal basis for Plaintiffs' claims, and it is entitled to judgment as a matter of law. Bank of America relies upon (i) the Declaration of Jennifer Haag, Senior Vice President of E-Commerce Marketing and Product Manager of ATM Business Development at Bank of America; (ii) Bank of America's Statement of Undisputed Material Facts filed pursuant to Local Rule 56.1; and (iii) its Memorandum of Law in Support of this Motion.

WHEREFORE, the Defendant, Bank of America, N.A., moves this Court as follows:

1.    That Judgment enter in favor of the Defendant, Bank of America, N.A., and against the Plaintiffs, Douglas S. Brown, Stephen Kawelti, and James A. Prosser, on Counts II and III of the Complaint;

2.    That Partial Judgment enter in favor of the Defendant, Bank of America, N.A., and against the Plaintiffs, Douglas S. Brown, Stephen Kawelti, and James A. Prosser, under Count I of the Complaint on the Verb Claim;

3.    That costs and expenses including attorneys fees be assessed against the Plaintiffs, Douglas S. Brown, Stephen Kawelti, and James A. Prosser, and in favor of the Defendant, Bank of America, N. A., in an amount to be assessed and determined by the Court; and

---

[2] Summary Judgment on this issue would not dispose of the entire claim, as it would leave Plaintiffs with a claim for actual damages under the EFTA, although it is hard to conceive how anyone who instructed the bank to impose this charge was actually damaged.

4. That such other relief be entered in favor of the Defendant, Bank of America, N.A., and against the Plaintiffs, Douglas S. Brown, Stephen Kawelti, and James A. Prosser P, as the Court deems just and proper.

Dated: March 24, 2006

BANK OF AMERICA, N.A.

By its attorneys,

/s/ E. Macey Russell
E. Macey Russell, P.C. (BBO #542371)
Choate, Hall & Stewart, LLP
Exchange Place, 53 State Street
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 348-4000

William L. Stern (Cal. Bar No. 96105)
*Admitted pro hac vice*
Rebekah Kaufman (Cal. Bar No. 213222)
*Admitted pro hac vice*
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Tel.: (415) 268-7000
Fax: (415) 268-7522

## CERTIFICATE OF SERVICE

I, E. Macey Russell, counsel for the Defendant, Bank of America, N.A., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ E. Macey Russell
E. Macey Russell

4062165v1