IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS S. BROWN, STEPHEN KAWELTI and JAMES A. PROSSNER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 05-10713-PBS ) |
| BANK OF AMERICA, N.A., | ) ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT, BANK OF AMERICA, N.A.'S
STATEMENT OF MATERIAL FACTS IN SUPPORT OF
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Pursuant to F.R.C.P. 56.1, plaintiffs Douglas S. Brown, Stephen Kawelti and James A. Prossner hereby respond as follows to Defendant's Statement of Material Facts in support of its motion for partial summary judgment.

I.  **PARTIAL SUMMARY JUDGMENT ON COUNT I – DID BANK OF AMERICA'S USE OF THE VERB "MAY" ON ITS ATM DECALS IN CALIFORNIA AND MARYLAND VIOLATE THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § § 1693 *ET SEQ*.**

1. Plaintiffs contend on behalf of the putative Maryland and California classes that Bank of America's ATM Decals in Maryland and California violate the Electronic Funds Transfer Act (15 U.S.C. § § 1693 *et seq*.) by stating that fees "may" be charged.

**RESPONSE**: Plaintiffs object to this request on the grounds that it is not a fact, but instead an assertion regarding plaintiffs' legal theory of the case that is not properly included in a statement of material facts.  Without waiving their objection, plaintiffs admit that they do contend that the defendant violated the EFTA, in part by stating that fees may be charged in its on machine fee notices.

2. The decal that Bank of America affixes to its ATM machines in Maryland and California states:

    "The owner of this terminal, Bank of America, may charge a $1.50 fee for a cash

withdrawal from your NON-Bank of America account.  This charge is in addition to any fees that may be assessed by your financial institution.  This additional charge will be added to your total withdrawal amount.  For questions, please contact your financial institution."

**RESPONSE**: Amit.

3. Bank of America does not charge ATM fees to recipients of government benefits that receive their government payments through a stored-value card when that card is used to withdraw cash at a Bank of America ATM.

**RESPONSE**: Admit.

4. Bank of America does not charge a fee for cash withdrawals at its ATMs in Maryland and California for the folloing categories:

   (a) its own customers;

   (b) international transactions, *i.e.*, cash withdrawals made in the U.S. by cardholders who hold an ATM card issued by a foreign bank;

   c) customers of certain other financial institutions (Bank of Commonwealth, Velero Credit Union, Fleet Bank, Bristol County Savings Bank, Mechanics Savings Bank, and some MBNA cardholders; and

   d) special circumstances arise, such as Hurricane Katrina, after which Bank of America agreed not to charge for cash withdrawals made by cardholders using certain ATM cards issued by certain financial institutions located in Alabama, Louisiana, and Missippi.

**RESPONSE**: Plaintiffs object to this request on the grounds that the special circumstances related to Hurricane Katrina are irrelevant, as they occurred after plaintiffs' and the class members' transactions.  Without waiving their objections, plaintiffs admit these facts.

II. **PARTIAL SUMMARY JUDGMENT ON BANK OF AMERICA'S TENTH AFFIRMATIVE DEFENSE – ARE PLAINTIFFS' STATUATORY DAMAGES CAPPED AT $500,000?**

1. Bank of America asserts as a Tenth Affirmative Defense:

   "To the extent that members of the putative classes suffered injury or damage, which Defendant denies, such injury or damage is capped at $500,000."

**RESPONSE**:  Plaintiffs object to this request on the grounds that it is not a fact, but instead an

2

assertion regarding defendants' legal theory of the case that is not properly included in a statement of material facts.  Without waiving their objection, plaintiffs admit that defendant has raised such an affirmative defense.  Plaintiffs deny that defendant's legal position is correct, for the reasons stated in their response to defendants' motion for summary judgment.

2. Plaintiffs seek statutory damages under the EFTA as well as relief under California Business & Professions Code §§17200 *et seq.* ("UCL" or "Section 17200" ) and Massachusetts General Law, Chapter 93A, §§2, 9, on behalf of themselves and several classes based on Bank of America's purported failure to properly give notice on its ATM Decals of ATM fees for cash withdrawals.

**RESPONSE**:  Plaintiffs object to this request on the grounds that it is not a fact, but instead an assertion regarding plaintiffs' legal theory of the case.  Without waiving their objection, plaintiffs admit that they do seek such damages.

### III.    PARTIAL SUMMARY JUDGEMENT ON BANK OF AMERICA'S NINTH AFFIRMATIVE DEFENSE–HAVE PLAINTIFFS SUFFERED INJURY OR DAMAGE?

1. Bank of America asserts as its Ninth Affirmative Defense:

    "Defendant denies that Plaintiffs and/or any member of the purported classes have suffered any injury or damage whatsoever, and further denies that it is liable to Plaintiffs and/or any member of the purported classes for any of the injury or damage claimed or for any injury or damage whatsoever."

**RESPONSE**:  Plaintiffs object to this request on the grounds that it is not a fact, but instead an assertion regarding defendants' legal theory of the case that is not properly included in a statement of material facts.  Without waiving their objection, plaintiffs admit that defendant has raised such an affirmative defense.  Plaintiffs deny that defendant's legal position is correct, for the reasons stated in their response to defendants' motion for summary judgment.

2. The only harm alleged by Plaintiffs and the putative class members arising from Bank of America's purported EFTA violation is that they were each charged a fee for withdrawing cash from a Bank of America  ATM.

**RESPONSE**  Deny.  Plaintiffs were deprived of their rights under the EFTA to have proper

warning of the ATM fees before they were imposed.  Some of the class members may have also lost time as a result of not receiving the proper notice on the machine.

3.  Since at least April 2004 and through the present, Bank of America has informed non-customers on the ATM screen that they are about to be charged a fee for a specified amount and requires the non-customer to consent to the fee before it is charged by clicking "yes".

**RESPONSE**: Admit.

4. If a non-customer enters "No" at the prompt on the ATM screen, the transaction is cancelled and no fee is charged.

**RESPONSE**: Admit.

5. Bank of America posted the ATM Decal on the side of the ATM machine.

**RESPONSE**: Admit

6. Plaintiffs used Bank of America's ATM machine to withdraw cash from their own bank and authorized Bank of America to debit their bank account in the amount of cash withdrawn plus the transaction fee.

**RESPONSE**: Admit.

## PLAINTIFFS' ADDITIONAL FACTS IN OPPOSITION TO SUMMARY JUDGMENT

1. Exhibit 1 is a chart representing the percentage of transactions at Bank of America ATMs in which a non-Bank of America cardholder was not charged a fee for withdrawing money.

2. According to Exhibit 1, in California, Bank of America imposed a charge for withdrawing money in over 99.5% of ATM transactions made by non- Bank of America, non-foreign ATM users.

3. According to Exhibit 1, in Maryland, Bank of America imposed a charge for withdrawing money in over 99.5% of ATM transactions made by non- Bank of America, non-foreign ATM users.

        s/Cathleen M. Combs
        Cathleen M. Combs
        EDELMAN, COMBS, LATTURNER
          & GOODWIN, LLC
        120 S. LaSalle Street, 18th Floor
        Chicago, Illinois  60603
        (312) 739-4200
        (312) 419-0379 (FAX)

        Christopher M. Lefebvre
        CLAUDE LEFEBVRE, P.C.
        Two Dexter Street
        Pawtucket, RI  02860
        (401) 728-6060
        (401) 728-6534 (FAX)
        B.B.O. # 629056

## **CERTIFICATE OF SERVICE**

    I, Cathleen M. Combs, hereby certify that on June 30, 2006, hereby certify that on June 30, 2006, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

  E. Macey Russell, P.C.
  Choate, Hall & Stewart, LLP

  William L. Stern (pro hac)
  Rebekah Kaufman (pro hac)
  Morrison & Foerster LLP

        s/Cathleen M. Combs
        Cathleen M. Combs

# Exhibit 1

| | Bank of the Commonwealth Not Surcharged | Santander Not Surcharged | Valero Not Surcharged | Global Alliance Not Surcharged | Bristol Not Surcharged | Mechanics Not Surcharged | Hartford Not Surcharged | Walpole Not Surcharged | EBT Not Surcharged | Fleet At BAC Not Surcharged |
|---|---|---|---|---|---|---|---|---|---|---|
| California | 25 | 25,507 | 10 | 165,242 | 91 | 11 | 0 | 3 | 532 | 127,324 |
| Fleet MA | 13 | 719 | 19 | 35,822 | 30,100 | 269 | 42 | 13,480 | 399,337 | 45,970 |
| Fleet RI | 3 | 32 | 8 | 5,857 | 3,173 | 44 | 2 | 195 | 56,327 | 14,852 |
| MA | 10 | 96 | 771 | 19,007 | 42 | 3 | 0 | 18 | 110,434 | 359 |
| MD | 7 | 57 | 267 | 9,071 | 9 | 3 | 0 | 0 | 54,042 | 0 |
| Bank of America MA | 0 | 11 | 1,375 | 208 | 13 | 0 | 0 | 2 | 15 | 0 |
| RI | 0 | 0 | 637 | 33 | 31 | 0 | 0 | 0 | 21 | 0 |
| Valero CA | 0 | 11 | 1,759 | 67 | 0 | 0 | 0 | 0 | 2 | 0 |
| Total | 58 | 26,433 | 4,846 | 235,307 | 33,459 | 350 | 44 | 13,698 | 620,710 | 188,605 |

| | Total Foreign Withdrawals | % of Total |
|---|---|---|
| California | 22,339,774 | 1.43% |
| Fleet RI | 493,369 | 16.34% |
| MD | 5,195,380 | 1.22% |
| RI | 4,321 | 16.78% |
| MA combined | 6,652,900 | 9.87% |
| Total | 28,032,844 | 4.01% |