IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

DOUGLAS S. BROWN, STEPHEN KAWELTI
and JAMES A. PROSSER,
                Plaintiffs,
v.

BANK OF AMERICA, N.A.,
                Defendant.

Case No. 05-10713-PBS

**STIPULATION AND ORDER GOVERNING THE PRODUCTION AND
EXCHANGE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiffs Douglas Brown, Stephen Kawelti, and James Prosser ("Plaintiffs") and Bank of America, National Association ("Bank of America") that this order shall govern the handling of all materials produced through discovery in this action ("Produced Material"), whether produced by a party or non-party, including, but not limited to, documents, things, deposition transcripts and videotapes, deposition exhibits, discovery requests pursuant to, among other provisions, Federal Rules of Civil Procedure 30, 33, 34 and 36 and responses thereto, and any other written, recorded or graphic matter. This Stipulation and Order shall also govern the handling of documents, and all other forms of recorded information, containing or derived from the information in any Produced Material.

    1.    **Confidential and Highly Confidential Material.**

        (a)    The person or entity producing any Produced Material (the "Producing Party"), whether or not a party to this action, may designate as "Confidential Material" pursuant

to this Stipulation and Order any Produced Material that the Producing Party in good faith believes not to be in the public domain and to contain any trade secret or other confidential, strategic, research, development, personal or commercial information. Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential Material shall also be treated, and shall hereinafter be referred to, as "Confidential Material."

(b) A Producing Party, whether or not a party to this action, may designate as "Highly Confidential Material" pursuant to this Stipulation and Order any Produced Material which the Producing Party in good faith believes to include sensitive personal information or to be so competitively sensitive that it is entitled to extraordinary protections. Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Highly Confidential Material shall also be treated, and shall hereinafter be referred to, as "Highly Confidential Material."

(c) To facilitate the designation of Produced Material by non-parties, a copy of this Stipulation and Order shall be served simultaneously with any discovery request made to a non-party, including, without limitation, any subpoena served pursuant to Rule 45 of the Federal Rules of Civil Procedure.

2. **Designation of Confidential and Highly Confidential Material.**

The designation of any information as Confidential Material or Highly Confidential Material for purposes of this Stipulation and Order shall be made in the following manner:

(a) With regard to any written material (excluding transcripts of depositions or other testimony and interrogatories), a legend "Confidential Material" shall be affixed to each page containing any Confidential Material and a legend "Highly Confidential Material" shall be affixed to each page containing Highly Confidential Material.

(b)     With regard to non-written material, such as recordings, magnetic or other machine readable media, photographs and things, a legend substantially in the form set forth in Paragraph 2(a) shall be affixed to it the material, or a container for it, in any suitable manner.

(c)     Each transcript volume (and related machine readable media, if any) of each deposition and any other pre-trial testimony shall be deemed Confidential Material in its entirety, except for material expressly designated Highly Confidential Material (either on the record or by letter to all parties and relevant non-parties within 14 days after receipt of the transcript by counsel for the designating party) or as otherwise consented to by the Producing Party or ordered by the Court. An appropriate legend substantially in the form set forth in Paragraph 2(a) shall be affixed to each page of each such transcript volume and to each videotape (or other storage media) on which the deposition was recorded and/or is stored or maintained.

(d)     With respect to interrogatory responses, by stating in the interrogatory response that it contains "Confidential Material" or "Highly Confidential Material" and clearly indicating on the cover that responses therein contain Confidential or Highly Confidential Material.

3.      **Challenges to Confidential or Highly Confidential Designations.**

If any party disagrees with the Producing Party's designation of any Produced Material as Confidential or Highly Confidential, then the parties to the dispute, after providing notice to all parties in this action, shall attempt to resolve the dispute informally and in good faith before presenting the dispute to the Court. All Produced Material objected to shall continue to be treated as Confidential or Highly Confidential pending resolution of the parties' dispute. If the dispute can be resolved, all parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the Producing Party bears the burden of persuading the Court that

the information is Confidential or Highly Confidential within the definition(s) of those term(s) in Paragraph 1.

4.   **Disclosure and Use of Confidential and Highly Confidential Material.**

(a)   Subject to Paragraphs 4(e) and 4(f), Confidential and Highly Confidential Material shall be used solely for the purpose of this litigation and not for any other purpose and disclosed solely to those persons identified in Paragraphs 4(b) and 4(c).

(b)   Confidential Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Stipulation and Order, and only to the following persons:

(i)   outside and inside counsel for the parties in this action in connection with this litigation, and regular and temporary employees of such counsel (including litigation support personnel) to the extent necessary to assist such counsel in the conduct of this litigation;

(ii)   Plaintiffs and current employees of Bank of America to the extent necessary to assist counsel for the parties in the conduct of this litigation;

(iii)   independent experts and consultants (and their staff) assisting counsel for the parties in the conduct of this litigation;

(iv)   actual or potential witnesses or deponents, and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action;

(v)   the Court and its employees and the jury, if any;

4

   (vi) court reporters and persons preparing transcripts of depositions;

   (vii) any authors or recipients of the Confidential Material;

   (viii) graphics or design consultants retained by counsel for the parties solely for the purpose of preparing demonstrative or other exhibits for use in this action;

   (ix) non-technical jury or trial consultants retained by counsel for the parties for the purpose of trial preparation in this action;

   (x) other litigation support services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting a party in this action;

   (xi) employees of the Producing Party;

   (xii) other persons only upon written consent of the Producing Party.

  (c) Highly Confidential Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Stipulation and Order, and only to the persons identified in (b)(i) and (b)(iii) - (xii) of this Paragraph.

  (d) Persons described in Paragraph 4(b)(i) shall be deemed bound by the terms of this Stipulation and Order upon its entry by the Court. A party disclosing Confidential Material or Highly Confidential Material to a person described in Paragraph 4(b)(ii)–(iv), 4(viii) or 4(x) must first: (i) advise the recipient that the information is Confidential or Highly Confidential Material and may only be used in connection with this or related litigation;

(ii) provide the recipient with a copy of this Stipulation and Order; and (iii) have that person execute a confidentiality agreement substantially in the form attached hereto as Exhibit A.

(e)  This Stipulation and Order has no effect upon, and shall not apply to, (i) any Producing Party's use of its own Confidential Material or Highly Confidential Material for any purpose or (ii) any person's use of documents or other information developed or obtained independently of discovery in this action or any purpose, whether or not such documents or other information also were Produced Material in this action.

(f)  Nothing herein shall bar or otherwise restrict counsel, who is a qualified recipient under the terms of Paragraphs 4(b)(i) or 4(c), from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Confidential Material or Highly Confidential Material. In rendering such advice or in otherwise communicating with the client, counsel shall not disclose the specific content of any Confidential Material or Highly Confidential Material of another person or party where such disclosure would not otherwise be permitted under the terms of this Stipulation and Order.

5. **Unauthorized Disclosure and Use.**

(a)  If Confidential Material or Highly Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, the party responsible for the disclosure, and any party with knowledge of the disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure. The party responsible for the disclosure also promptly shall take all reasonable measures to recover the material disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

(b)     Any person found to have made an impermissible use of any Produced Material will be subject to, without limitation, appropriate civil penalties including for contempt of court.

6. **Inadvertent Production of Confidential, Highly Confidential or Privileged Material.**

(a)     <u>Confidential or Highly Confidential Material.</u>  Inadvertent production of or failure to designate any information as Confidential or Highly Confidential shall not be deemed a waiver of the Producing Party's claim of confidentiality as to such information, and the Producing Party may thereafter designate such information as Confidential or Highly Confidential as appropriate.  The party to whom such inadvertent disclosure is made shall, upon written request by the Producing Party, treat such material as Confidential Material or Highly Confidential Material in accordance with this Stipulation and Order.  Upon receipt of such written notice, the party who received the previously undesignated Confidential Material or Highly Confidential Material shall make all reasonable efforts under the circumstances (i) to retrieve all such material disclosed to persons other than those authorized in accordance with Paragraph 4 hereof for access to such information, (ii) to affix appropriate legends to the Confidential Material or Highly Confidential Material, as provided in Paragraph 2 hereof, and (iii) to prevent further use or disclosure of the information contained in the previously undesignated Confidential Material or Highly Confidential Material by persons other than those authorized in accordance with Paragraph 4 hereof for access to such information.

(b)     <u>Privileged Material.</u>  Inadvertent production of any Produced Material that the Producing Party later claims should have been withheld on grounds of attorney client privilege, the work product doctrine or any other applicable privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privilege or work product protection.  A

Producing Party may request the return of an Inadvertently Produced Privileged Material by identifying the Material and stating the basis for withholding such Material from production. If a Producing Party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Material then in the custody of one or more parties, the possessing parties shall within five (5) calendar days destroy or return to the Producing Party the Inadvertently Produced Privileged Material and all copies thereof and shall expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Material. After the Inadvertently Produced Privileged Material is destroyed or returned pursuant to this paragraph, a party may move the Court for an order compelling production of the Material, but said party may not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

7. **Deposition Procedures.**

(a)    At any deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential or Highly Confidential Material, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, videographer, counsel and individuals specified in Paragraphs 4(b) and 4(c) hereof who have access to the appropriate category of information, leave the deposition room during the Confidential or Highly Confidential portion of the deposition. The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

(b)    Any deposition testimony concerning a Confidential or Highly Confidential Material produced by a non-party will be marked by the court reporter as Confidential or Highly Confidential on the deposition transcript.

8. **Filing Under Seal.**

All Confidential or Highly Confidential Material filed with the Court shall be filed under seal pursuant to the following procedures:

(a) Where possible, only confidential portions of filings with the Court shall be filed under seal. Information filed under seal shall be placed in sealed envelopes on which it shall be endorsed with the title to this action and shall bear the name of the pleading (including, if it is an exhibit, the name of the pleading to which it relates), the words "FILED UNDER SEAL," and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Highly Confidential Information] filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.

(b) Where documents filed under seal are transmitted between the parties, they shall be clearly marked as having been filed under seal and disclosed and used solely in accordance with the terms and conditions of this Stipulation and Order.

(c) A full and unredacted copy of any such submission may be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential or Highly Confidential Information Subject to Protective Order."

9. **Maintenance of Confidential and Highly Confidential Material.**

(a) Confidential Material and Highly Confidential Material shall be maintained at all times in secure facilities with reasonable precautions taken to ensure that access to such material is restricted to persons entitled to have such access pursuant to this Stipulation and Order.

(b) Notwithstanding subparagraph (a) above, Confidential Material and Highly Confidential Material may be (i) submitted to the Court pursuant to Paragraph 8 hereof, (ii) used as exhibits at trial in this action, (iii) submitted to court reporters as deposition exhibits in this action, and (iv) temporarily removed from the facilities identified above for the purposes of conducting depositions, preparation of witnesses for depositions, and witness interviews (pursuant to the provisions of Paragraphs 4(b)(iv) of this Stipulation and Order), consultation with experts or consultants (as described in Paragraph 4(b)(iii) hereof), photocopying, imaging and database preparation (as described in Paragraphs 4(b)(viii)-(x)), and hearings, conferences and trial of this action in this Court and any appeals of this action. Reasonable precautions shall be taken to ensure that access to all Confidential Material and/or Highly Confidential Material temporarily removed from the secure facilities is restricted to persons entitled to have such access pursuant to this Stipulation and Order.

10. **Use of Confidential or Highly Confidential Material at Trial.**

(a) In the event that any Confidential Material or Highly Confidential Material is used in any pre-trial court hearing or proceeding in these actions, and there is any dispute as to whether such material continues to be Confidential or Highly Confidential, the parties will meet and confer to resolve such dispute.

(b) The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential and Highly Confidential Material may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential Material which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential Material at trial or hearing upon reasonable notice to all

parties and non-parties who have produced such information. The parties shall provide non-parties with notice of potential use at trial of any Confidential or Highly Confidential Material produced by them if and when they are listed as potential exhibits in the required filings prior to commencement of trial. The parties shall give notice as soon as practicable after Confidential or Highly Confidential Material which is not listed on the exhibit list is determined to be used by counsel for a party in the course of examination or cross-examination at trial.

**11.    Additional Parties.**

In the event an additional party joins or is joined in this litigation, said additional party shall not have access to Confidential Material or Highly Confidential Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order or until other appropriate arrangements have been made for the protection of Confidential Material and Highly Confidential Material with respect to the newly joined party.

**12.    Efforts by Non-Parties to Obtain Confidential Information.**

If any party has obtained Confidential or Highly Confidential Material under the terms of this Stipulation and Order and receives a subpoena or other compulsory process commanding the production of such Confidential or Highly Confidential Material, such party shall promptly notify the Producing Party, including in such notice the date set for the production of such subpoenaed information. The subpoenaed party shall not produce any Confidential or Highly Confidential Material in response to the subpoena without the prior written consent of the Producing Party unless in response to an order of a court of competent jurisdiction.

**13.    Termination of Access.**

(a)    In the event that any person or party ceases to be engaged in the conduct of this litigation, such person's or party's access to any and all Confidential Material and Highly

Confidential Material shall be terminated, and all copies thereof shall be returned or destroyed as soon as practicable after such person or party ceases to be engaged in the conduct of this litigation.

(b)     The provisions of this Stipulation and Order shall remain in full force and effect as to any person or party who previously had access to any Confidential Material or Highly Confidential Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

**14.    Procedures upon Termination of Action.**

(a)     This Stipulation and Order shall continue to be binding after the conclusion of this action, except that a receiving party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Stipulation and Order.

(b)     Within forty-five (45) calendar days after the conclusion of this action in its entirety (after all appeals periods have expired or execution of a settlement agreement finally disposing of the action), all parties to whom Confidential Material or Highly Confidential Material were produced shall (i) with respect to Highly Confidential Material, return all copies of such material to counsel for the Producing Party and certify that fact by affidavit and (ii) with respect to Confidential Material, return such material to counsel for the Producing Party and certify that fact by affidavit or destroy such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person and certify that fact by affidavit. All Confidential Material and Highly Confidential Material returned to the parties or their counsel by the Court shall also be disposed of in accordance with this procedure.

(c)     Counsel for the parties (as identified in Paragraph 4(b)(i) above) shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at

depositions and at trial, and attorney work product (except for certain litigation databases, as set forth in the second sentence of this subparagraph), including such materials containing, quoting, discussing or analyzing Confidential Material or Highly Confidential Material, <u>provided</u>, however, that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and trial transcripts, exhibits or attorney work product containing Confidential Material or Highly Confidential Material to any third party unless, after reasonable prior notice to the Producing Party, the disclosing counsel has obtained permission pursuant to Court order or by agreement with the Producing Party. Litigation databases (or portions of databases) containing either the full text of Confidential Material or Highly Confidential Material or abstracts thereof shall be disposed of in accordance with subparagraph (b) of this Paragraph, except that any portion of any such database containing materials described in the first sentence of this subparagraph may be retained by counsel for the parties. The Confidential Material and Highly Confidential Material kept by counsel pursuant to this subparagraph shall be maintained in accordance with the terms of this Stipulation and Order, including, but not limited to, the restrictions of Paragraphs 4, 5 and 9.

15. **<u>Limits of Stipulation and Order.</u>**

Entering into, agreeing to or producing or receiving Confidential Material or Highly Confidential Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a)    operate as an admission by any party that any particular item of Confidential Material or Highly Confidential Material contains or reflects trade secrets or any other type of confidential information;

  (b) prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any Confidential Material or Highly Confidential Material;

  (c) prejudice in any way the rights of a party to object to any discovery request seeking production of material it considers not subject to discovery on any ground permitted by the Federal Rules of Civil procedure of Rules of this Court, including any applicable privilege;

  (d) prejudice in any way the rights of a party to seek a determination by the Court that particular materials be produced;

  (e) prejudice in any way the rights of a party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

  (f) prejudice in any way the rights of a party to apply to the Court for further protective orders, including a higher level of protection then provided for by this Stipulation and Order; nor

  (g) prejudice in any way the rights of a party to seek modification of this Stipulation and Order upon due notice to all other parties and affected non-parties.

### 16. **Jurisdiction of Court.**

The parties, including all persons subject to discovery in these proceedings or who receive a copy of this Stipulation and Order, hereby consent to the jurisdiction of this Court for the purpose of enforcement of the provisions of this Stipulation and Order. The Court hereby retains jurisdiction to interpret and enforce this Stipulation and Order during the pendency of this

action and following dismissal, if any, and further retains jurisdiction to modify, amend or make additions to this Order as it may from time to time deem appropriate.

By: /s/ Christopher Lefebvre
Christopher Lefebvre
CLAUDE LEFEBVRE, P.C.
Two Dexter Street Pawtucket
Box 479
Pawtucket, R.I. 02862
(401) 728-6060
(401) 728-6534 (fax)

*Attorney for Plaintiffs Douglas S. Brown, Stephen Kawelti and James A. Prosser*

Dated: August 18, 2006

By: /s/ E. Macey Russell
E. Macey Russell, P.C. (BBO #542371)
CHOATE, HALL & STEWART, LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 348-4000

William L. Stern
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
(415) 268-7522 (fax)

*Attorneys for Defendant Bank of America, National Association*

Dated: August __, 2006

SO ORDERED:

_____
HON. PATTI B. SARIS
United States District Judge

I, E. Macey Russell counsel for Bank of America, hereby certify that Christopher M. Lefebvre, counsel for Douglas S. Brown, has agreed to the form and substance of this Stipulation and Order Governing the Production and Exchange of Confidential and Highly Confidential Information, and that Mr. Lefebvre, via e-mail, has authorized me to submit this document electronically.

/s/ E. Macey Russell
E. Macey Russell

## Certificate of Service

I, E. Macey Russell, certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 18, 2006.

/s/ E. Macey Russell
E. Macey Russell

EXHIBIT A

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS S. BROWN, STEPHEN KAWELTI and JAMES A. PROSSER,<br>Plaintiffs,<br>v.<br>BANK OF AMERICA, N.A.,<br>Defendant. | Case No. 05-10713-PBS |

### AGREEMENT TO ABIDE BY CONFIDENTIALITY ORDER

I have read the stipulation and Order Governing the Production and Exchange of Confidential and Highly Confidential Material applicable to the above-captioned action. I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States Court for the District of Massachusetts for the purposes of the enforcement of the Stipulation and Order. I further understand that failure to abide fully by the terms of the Stipulation and Order may result in legal action against me, including being held in contempt of court and liability for monetary damages.

Name: _____

Date: _____

4114586v1